UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIOTT ABRAMS, et al.,

        Plaintiffs,

v.

WILLIS CHAPMAN, et al.,

        Defendants.

_____/

Case No. 20-11053

HON. MARK A. GOLDSMITH

**ORDER**
**GRANTING IN PART EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND EXPEDITED EVIDENTIARY HEARING (Dkt. 41), AND DENYING EMERGENCY MOTION TO WITHDRAW STIPULATION AND ORDER REQUIRING RESPONSE TO MOTION FOR CLASS CERTIFICATION (Dkt. 42)**

The parties attempted to resolve this matter through mediation, but their efforts were unsuccessful. Subsequently, Plaintiffs' filed an emergency motion for expedited discovery and expedited evidentiary hearing ("Discovery Motion") (Dkt. 41) with respect to Plaintiffs' motion for a temporary restraining order, and an emergency motion to withdraw stipulation and order requiring response to motion for class certification ("Withdraw Motion") (Dkt. 42).[1] For the reasons stated below, the first motion is granted in part and the second motion is denied.

The parties agree that an evidentiary hearing is necessary to resolve Plaintiffs' pending motion for a temporary restraining order. Plaintiffs seek the following discovery in advance of a hearing:

1.     Depositions of Defendants Washington and Dr. McIntyre Chief Medical Officer;

---

[1] The motion descriptions are based on the titles of the motions themselves. The descriptions on the docket appear to be displaying incorrectly.

2. Any writings relating to the grievance process that were issued since December 1, 2019 to present;

3. All writings in relation to the testing of prison staff;

4. A listing of the designation of pole barns, the number of cubes in each, the number of bunk beds in each, and the number of inmates in each;

5. A list of witnesses to testify at the evidentiary hearing and a summary of their testimony and the providing of any documents to be used with that witness;

6. An entry on land as to the following cellblocks at Jackson Prison, Cellblocks 3, 4, 5, 6, 7, 8, 11, 12, the prior infirmary / hospital located inside Jackson, and any other areas inside Jackson prison, including use of a 35mm camera for still pictures and a video camera; and

7. To be allowed to bring one or more experts as to entry on land for review and possible testing of water, heating/cooling system, plumbings, etc.

Discovery Mot. ¶ 6.

In their response brief (Dkt. 45), Defendants do not object to limited depositions, information related to the pole barns, and witness lists and summaries of expected testimony, so long as the expedited discovery is a reciprocal process. Resp. at 3-5. However, Defendants are not willing to voluntarily provide entry into MDOC facilities, grievance information, and information related to staff testing. Id. at 5-9.

The Court has reviewed the parties submissions and finds that the following limited discovery is warranted:

1. The parties must exchange a list of witnesses expected to testify at the evidentiary hearing and a summary of their expected testimony on or before noon on June 5, 2020. Any documents that the parties expect their witnesses to rely upon must also be furnished to the opposing party by noon on June 5, 2020.

2. Each party may conduct up to two deposition in advance of the evidentiary hearing. Each deposition is limited to no more than two hours. Depositions must be completed by June 11, 2020.

3. Unless Defendants withdraw their exhaustion defense, Defendants must furnish to Plaintiffs any grievances and grievance responses filed at the facilities that

>are the subject of this litigation and that concern COVID-19 from December 1, 2019, to the present. These disclosures must be made by June 8, 2020.

Plaintiffs Discovery Motion (Dkt. 41) is denied without prejudice in all other respects.

With respect to Plaintiffs' emergency motion to withdraw the stipulation and order (Dkt. 42), Plaintiffs argue that without a resolution on the class certification motion, only the named Plaintiffs would benefit from a favorable ruling on the motion for a temporary restraining order. Mot. ¶ 7. It is not clear that a favorable ruling on Plaintiff's motion for a temporary restraining order would necessarily be limited to the named Plaintiffs, and Plaintiffs have not cited any authority in support of that position. Defendants argue that the stipulation continues to serve an important purpose, which is to allow the parties to focus on the motion for a temporary restraining order and the expedited discovery. Resp. at 10-12. The Court agrees with Defendants that the best use of resources is preparing for an evidentiary hearing. Therefore, Plaintiffs' Withdraw Motion (Dkt. 42) is denied.

The evidentiary hearing on Plaintiffs' motion for a temporary restraining order is set for a video hearing on June 17, 2020 at 8:30 a.m. Video hearing procedures will be explained by separate order. By noon on June 15, 2020, each party must file a copy of all exhibits expected to be presented at the hearing, and also file a pre-hearing brief summarizing the expected testimony of witnesses.

SO ORDERED.

Dated: June 3, 2020  s/Mark A. Goldsmith
     Detroit, Michigan  MARK A. GOLDSMITH
                                              United States District Judge